# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HELEN MARTEEN,

      Plaintiff,

CASE NO.: 1:24-cv-24575-PCH

v.

JURY TRIAL DEMANDED

DORAL AUTOMOTIVE GROUP LLC,

      Defendant.

_____/

## DEFENDANT DORAL LINCOLN LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Doral Automotive Group LLC (hereinafter referred to as "Defendant"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's, Helen Marteen (hereinafter referred to as "Plaintiff"), Complaint [ECF No. 1], and states:

## INTRODUCTION

1. Defendant admits the allegations set forth in Paragraph 1 of the Complaint *only* to the extent Plaintiff purports this to be a lawsuit wherein Plaintiff claims she was purportedly discriminated against, retaliated against, and unlawfully terminated on the alleged basis of her age, disability, and for allegedly requesting a reasonable accommodation.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint *only* to the extent Plaintiff purports to seek alleged monetary relief in this lawsuit.  Defendant, however,

denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

**PARTIES**

3.      Defendant admits Plaintiff is a female but is without sufficient information and knowledge to form a belief as to the remaining allegations set forth in Paragraph 3 of the Complaint and, therefore, denies said allegations and demands strict proof thereof.

4.      Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6.      Paragraph 6 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 6 is required, Defendant admits the allegations set forth in Paragraph 6 of the Complaint *only* to the extent the referenced statutes speak for themselves.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

7.      Paragraph 7 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 7 is required, Defendant admits the allegations set forth in Paragraph 7 of the Complaint *only* to the extent the referenced statutes speak for themselves.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

8.      Paragraph 8 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 8 is required, Defendant admits the allegations set forth in Paragraph 8 of the Complaint *only* to the extent the referenced statute speaks

for itself. Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

9.      Paragraph 9 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 9 is required, Defendant denies the allegations set forth in Paragraph 9 of the Complaint. Defendant also denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

10.     Paragraph 10 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 10 is required, Defendant denies the allegations set forth in Paragraph 10 of the Complaint. Defendant also denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

11.     Paragraph 11 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 11 is required, Defendant admits the allegations set forth in Paragraph 11 of the Complaint *only* to the extent the referenced statute speaks for itself. Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

## JURISDICTION AND VENUE

12.     Defendant admits the allegations set forth in Paragraph 12 of the Complaint for jurisdictional purposes *only*. Defendant, however, denies it has committed any acts or omissions

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

13.     Defendant admits the allegations set forth in Paragraph 13 of the Complaint for venue purposes *only*.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

## ADMINISTRATIVE PREREQUISITES

14.     Paragraph 14 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 14 is required, Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies said allegations and demands strict proof thereof.

15.     Defendant admits the allegations set forth in Paragraph 15 of the Complaint *only* to the extent the referenced Charge of Discrimination speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

16.     Defendant admits the allegations set forth in Paragraph 16 of the Complaint *only* to the extent the referenced Notice of Right to Sue speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

17.     Defendant admits the allegations set forth in Paragraph 17 of the Complaint *only* to the extent the referenced Notice of Right to Sue speaks for itself.  Defendant, however, denies it

has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

18.     Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

## **FACTUAL ALLEGATIONS**

20.     Paragraph 20 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response to Paragraph 20 is required, Defendant admits the allegations set forth in Paragraph 20 of the Complaint *only* to the extent Plaintiff alleges she is a woman above the age of 40.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

21.     Defendant is without sufficient information and knowledge as to whether Plaintiff was "diagnosed with diabetes" and, therefore, denies this allegation and demands strict proof thereof, and denies the remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant admits the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

30.     Defendant denies as phrased the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant admits the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

52.     Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies as phrased the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies as phrased the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies as phrased the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies as phrased the allegations set forth in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant denies the allegations set forth in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

71.     Defendant denies as phrased the allegations set forth in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies as phrased the allegations set forth in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations set forth in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies as phrased the allegations set forth in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant denies the allegations set forth in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant denies the allegations set forth in Paragraph 76 of Plaintiff's Complaint.

77.     Defendant denies the allegations set forth in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations set forth in Paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations set forth in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations set forth in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations set forth in Paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations set forth in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations set forth in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations set forth in Paragraph 84 of Plaintiff's Complaint.

85.     Defendant denies the allegations set forth in Paragraph 85 of Plaintiff's Complaint.

86.     Defendant denies as phrased the allegations set forth in Paragraph 86 of Plaintiff's Complaint.

87.     Defendant admits the allegations set forth in Paragraph 87 of the Complaint to the extent the referenced document speaks for itself.

88.     Defendant denies the allegations set forth in Paragraph 88 of Plaintiff's Complaint.

89.     Defendant admits the allegations set forth in Paragraph 89 of the Complaint *only* to the extent the referenced written communication speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

90.     Defendant admits the allegations set forth in Paragraph 90 of the Complaint *only* to the extent the referenced written communication speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

91.     Defendant admits the allegations set forth in Paragraph 91 of the Complaint *only* to the extent the referenced written communication speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

92.     Defendant denies the allegations set forth in Paragraph 92 of Plaintiff's Complaint.

93.     Defendant admits the allegations set forth in Paragraph 93 of the Complaint *only* to the extent the referenced written communication speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

94.     Defendant admits the allegations set forth in Paragraph 94 of the Complaint *only* to the extent the referenced written communication speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

95.     Defendant denies as phrased the allegations set forth in Paragraph 95 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

96.     Defendant denies as phrased the allegations set forth in Paragraph 96 of Plaintiff's Complaint.

97.     Defendant admits the allegations set forth in Paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations set forth in Paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations set forth in Paragraph 99 of Plaintiff's Complaint.

100.    Defendant denies the allegations set forth in Paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations set forth in Paragraph 101 of Plaintiff's Complaint.

102.    Defendant denies the allegations set forth in Paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations set forth in Paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies the allegations set forth in Paragraph 104 of Plaintiff's Complaint.

105.    Defendant denies the allegations set forth in Paragraph 105 of Plaintiff's Complaint.

106.    Defendant denies the allegations set forth in Paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations set forth in Paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegations set forth in Paragraph 108 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

109.     Defendant denies the allegations set forth in Paragraph 109 of Plaintiff's Complaint.

110.     Defendant denies the allegations set forth in Paragraph 110 of Plaintiff's Complaint.

111.     Defendant denies the allegations set forth in Paragraph 111 of Plaintiff's Complaint.

112.     Defendant denies the allegations set forth in Paragraph 112 of Plaintiff's Complaint.

113.     Defendant denies the allegations set forth in Paragraph 113 of Plaintiff's Complaint.

114.     Defendant denies the allegations set forth in Paragraph 114 of Plaintiff's Complaint.

## <u>COUNT I - 29 U.S.C. § 623</u><br><u>Purported ADEA Age Retaliation</u>

115.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.     Defendant admits the allegations set forth in Paragraph 116 of the Complaint *only* to the extent the ADEA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

117.     Defendant admits the allegations set forth in Paragraph 117 of the Complaint *only* to the extent Plaintiff alleges she is above the age of 40.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

118.    Paragraph 118 of the Complaint asserts a legal conclusion to which no response is required.

119.    Defendant denies the allegations set forth in Paragraph 119 of Plaintiff's Complaint.

120.    Defendant denies the allegations set forth in Paragraph 120 of Plaintiff's Complaint.

121.    Defendant denies the allegations set forth in Paragraph 121 of Plaintiff's Complaint.

122.    Defendant denies the allegations set forth in Paragraph 122 of Plaintiff's Complaint.

123.    Defendant denies the allegations set forth in Paragraph 123 of Plaintiff's Complaint.

124.    Defendant denies the allegations set forth in Paragraph 124 of Plaintiff's Complaint.

## COUNT II-29 U.S.C. § 623
## Purported ADEA Retaliation

125.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

126.    Defendant admits the allegations set forth in Paragraph 126 of the Complaint *only* to the extent the ADEA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

127.    Defendant admits the allegations set forth in Paragraph 127 of the Complaint *only* to the extent Plaintiff alleges she is above the age of 40.  Defendant, however, denies it has

committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

128.    Defendant denies the allegations set forth in Paragraph 128 of Plaintiff's Complaint.

129.    Defendant denies the allegations set forth in Paragraph 129 of Plaintiff's Complaint.

130.    Defendant denies the allegations set forth in Paragraph 130 of Plaintiff's Complaint.

131.    Defendant denies the allegations set forth in Paragraph 131 of Plaintiff's Complaint.

132.    Defendant denies the allegations set forth in Paragraph 132 of Plaintiff's Complaint.

133.    Defendant denies the allegations set forth in Paragraph 133 of Plaintiff's Complaint.

134.    Defendant denies the allegations set forth in Paragraph 134 of Plaintiff's Complaint.

135.    Defendant denies the allegations set forth in Paragraph 135 of Plaintiff's Complaint.

136.    Defendant denies the allegations set forth in Paragraph 136 of Plaintiff's Complaint.

137.    Defendant denies the allegations set forth in Paragraph 137 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

### COUNT III-29 U.S.C. § 2615
### Purported FMLA Interference

138.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

139.     Defendant admits the allegations set forth in Paragraph 139 of the Complaint *only* to the extent the FMLA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

140.     Paragraph 140 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response is required, Defendant admits the allegations set forth in Paragraph 140 of the Complaint *only* to the extent the FMLA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

141.     Defendant denies the allegations set forth in Paragraph 141 of Plaintiff's Complaint.

142.     Defendant denies the allegations set forth in Paragraph 142 of Plaintiff's Complaint.

143.     Defendant denies the allegations set forth in Paragraph 143 of Plaintiff's Complaint.

144.     Defendant denies the allegations set forth in Paragraph 144 of Plaintiff's Complaint.

145.     Defendant denies the allegations set forth in Paragraph 145 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

146.     Defendant denies the allegations set forth in Paragraph 146 of Plaintiff's Complaint.

## COUNT IV-29 U.S.C. § 2615
## Purported FMLA Retaliation

147.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

148.     Defendant admits the allegations set forth in Paragraph 148 of the Complaint *only* to the extent the FMLA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

149.     Defendant admits the allegations set forth in Paragraph 149 of the Complaint *only* to the extent the FMLA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

150.     Paragraph 150 of Plaintiff's Complaint asserts a legal conclusion to which no response is required; however, to the extent a response is required, Defendant admits the allegations set forth in Paragraph 150 of the Complaint *only* to the extent the FMLA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

151.     Defendant denies the allegations set forth in Paragraph 151 of Plaintiff's Complaint.

152.     Defendant denies the allegations set forth in Paragraph 152 of Plaintiff's Complaint.

153.   Defendant denies the allegations set forth in Paragraph 153 of Plaintiff's Complaint.

154.   Defendant denies the allegations set forth in Paragraph 154 of Plaintiff's Complaint.

155.   Defendant denies the allegations set forth in Paragraph 155 of Plaintiff's Complaint.

156.   Defendant denies the allegations set forth in Paragraph 156 of Plaintiff's Complaint.

157.   Defendant denies the allegations set forth in Paragraph 157 of Plaintiff's Complaint.

158.   Defendant denies the allegations set forth in Paragraph 158 of Plaintiff's Complaint.

159.   Defendant denies the allegations set forth in Paragraph 159 of Plaintiff's Complaint.

160.   Defendant denies the allegations set forth in Paragraph 160 of Plaintiff's Complaint.

161.   Defendant denies the allegations set forth in Paragraph 161 of Plaintiff's Complaint.

## COUNT V-42 § U.S.C. § 12112
## Purported ADA Discrimination

162.   Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

163.   Defendant admits the allegations set forth in Paragraph 163 of the Complaint *only* to the extent the ADA speaks for itself.  Defendant, however, denies it has committed any acts or

omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

164.    Defendant denies the allegations set forth in Paragraph 164 of Plaintiff's Complaint.

165.    Defendant denies the allegations set forth in Paragraph 165 of Plaintiff's Complaint.

166.    Defendant denies the allegations set forth in Paragraph 166 of Plaintiff's Complaint.

167.    Defendant denies the allegations set forth in Paragraph 167 of Plaintiff's Complaint.

168.    Defendant denies the allegations set forth in Paragraph 168 of Plaintiff's Complaint.

169.    Defendant denies the allegations set forth in Paragraph 169 of Plaintiff's Complaint.

170.    Defendant denies the allegations set forth in Paragraph 170 of Plaintiff's Complaint.

171.    Defendant denies the allegations set forth in Paragraph 171 of Plaintiff's Complaint.

172.    Defendant denies the allegations set forth in Paragraph 172 of Plaintiff's Complaint.

173.    Defendant denies the allegations set forth in Paragraph 173 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

174.     Defendant denies the allegations set forth in Paragraph 174 of Plaintiff's Complaint.

175.     Defendant denies the allegations set forth in Paragraph 175 of Plaintiff's Complaint.

176.     Defendant denies the allegations set forth in Paragraph 176 of Plaintiff's Complaint.

## COUNT VI-42 § U.S.C. § 12203
## Purported ADA Retaliation

177.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

178.     Defendant admits the allegations set forth in Paragraph 178 of the Complaint *only* to the extent the ADA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

179.     Defendant denies the allegations set forth in Paragraph 179 of Plaintiff's Complaint.

180.     Defendant denies the allegations set forth in Paragraph 180 of Plaintiff's Complaint.

181.     Defendant denies the allegations set forth in Paragraph 181 of Plaintiff's Complaint.

182.     Defendant denies the allegations set forth in Paragraph 182 of Plaintiff's Complaint.

183.     Defendant denies the allegations set forth in Paragraph 183 of Plaintiff's Complaint.

184.    Defendant denies the allegations set forth in Paragraph 184 of Plaintiff's Complaint.

185.    Defendant denies the allegations set forth in Paragraph 185 of Plaintiff's Complaint.

186.    Defendant denies the allegations set forth in Paragraph 186 of Plaintiff's Complaint.

187.    Defendant denies the allegations set forth in Paragraph 187 of Plaintiff's Complaint.

188.    Defendant denies the allegations set forth in Paragraph 188 of Plaintiff's Complaint.

189.    Defendant denies the allegations set forth in Paragraph 189 of Plaintiff's Complaint.

190.    Defendant denies the allegations set forth in Paragraph 190 of Plaintiff's Complaint.

191.    Defendant denies the allegations set forth in Paragraph 191 of Plaintiff's Complaint.

## <u>COUNT VII-§ 760.10(1), Florida Statutes</u><br><u>Purported FCRA Age Discrimination</u>

192.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

193.    Defendant admits the allegations set forth in Paragraph 193 of the Complaint *only* to the extent the FCRA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

194.     Defendant admits the allegations set forth in Paragraph 194 of the Complaint *only* to the extent Plaintiff alleges she is above the age of 40.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

195.     Paragraph 195 of the Complaint asserts a legal conclusion to which no response is required.

196.     Defendant denies the allegations set forth in Paragraph 196 of Plaintiff's Complaint.

197.     Defendant denies the allegations set forth in Paragraph 197 of Plaintiff's Complaint.

198.     Defendant denies the allegations set forth in Paragraph 198 of Plaintiff's Complaint.

199.     Defendant denies the allegations set forth in Paragraph 199 of Plaintiff's Complaint.

200.     Defendant denies the allegations set forth in Paragraph 200 of Plaintiff's Complaint.

201.     Defendant denies the allegations set forth in Paragraph 201 of Plaintiff's Complaint.

202.     Defendant denies the allegations set forth in Paragraph 202 of Plaintiff's Complaint.

## COUNT VIII-§ 760.10(1), Florida Statutes
## Purported FCRA Disability Discrimination

203.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

204.     Defendant admits the allegations set forth in Paragraph 204 of the Complaint *only* to the extent the FCRA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

205.     Defendant denies the allegations set forth in Paragraph 205 of Plaintiff's Complaint.

206.     Defendant denies the allegations set forth in Paragraph 206 of Plaintiff's Complaint.

207.     Defendant denies the allegations set forth in Paragraph 207 of Plaintiff's Complaint.

208.     Defendant denies the allegations set forth in Paragraph 208 of Plaintiff's Complaint.

209.     Defendant denies the allegations set forth in Paragraph 209 of Plaintiff's Complaint.

210.     Defendant denies the allegations set forth in Paragraph 210 of Plaintiff's Complaint.

211.     Defendant denies the allegations set forth in Paragraph 211 of Plaintiff's Complaint.

212.     Defendant denies the allegations set forth in Paragraph 212 of Plaintiff's Complaint.

213.     Defendant denies the allegations set forth in Paragraph 213 of Plaintiff's Complaint.

214.     Defendant denies the allegations set forth in Paragraph 214 of Plaintiff's Complaint.

### COUNT IX-§ 760.10(1), Florida Statutes
### Purported FCRA Hostile Work Environment

215.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

216.     Defendant admits the allegations set forth in Paragraph 216 of the Complaint *only* to the extent the FCRA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

217.     Defendant admits the allegations set forth in Paragraph 217 of the Complaint *only* to the extent Plaintiff alleges she is above the age of 40.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

218.     Defendant denies the allegations set forth in Paragraph 218 of Plaintiff's Complaint.

219.     Defendant denies the allegations set forth in Paragraph 219 of Plaintiff's Complaint.

220.     Defendant denies the allegations set forth in Paragraph 220 of Plaintiff's Complaint.

221.     Defendant denies the allegations set forth in Paragraph 221 of Plaintiff's Complaint.

222.     Defendant denies the allegations set forth in Paragraph 222 of Plaintiff's Complaint.

223.    Defendant denies the allegations set forth in Paragraph 223 of Plaintiff's Complaint.

224.    Defendant denies the allegations set forth in Paragraph 224 of Plaintiff's Complaint.

225.    Defendant denies the allegations set forth in Paragraph 225 of Plaintiff's Complaint.

## COUNT X-§ 760.10(7), Florida Statutes
## Purported FCRA Retaliation

226.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

227.    Defendant admits the allegations set forth in Paragraph 227 of the Complaint *only* to the extent the FCRA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

228.    Defendant denies the allegations set forth in Paragraph 228 of Plaintiff's Complaint.

229.    Defendant denies the allegations set forth in Paragraph 229 of Plaintiff's Complaint.

230.    Defendant denies the allegations set forth in Paragraph 230 of Plaintiff's Complaint.

231.    Defendant denies the allegations set forth in Paragraph 231 of Plaintiff's Complaint.

232.    Defendant denies the allegations set forth in Paragraph 232 of Plaintiff's Complaint.

233.    Defendant denies the allegations set forth in Paragraph 233 of Plaintiff's Complaint.

234.    Defendant denies the allegations set forth in Paragraph 234 of Plaintiff's Complaint.

235.    Defendant denies the allegations set forth in Paragraph 235 of Plaintiff's Complaint.

236.    Defendant denies the allegations set forth in Paragraph 236 of Plaintiff's Complaint.

237.    Defendant denies the allegations set forth in Paragraph 237 of Plaintiff's Complaint.

238.    Defendant denies the allegations set forth in Paragraph 238 of Plaintiff's Complaint.

<u>**COUNT XI-§ 760.10(7), Florida Statutes**</u>
<u>**Purported FCRA Retaliatory Hostile Work Environment**</u>

239.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

240.    Defendant admits the allegations set forth in Paragraph 240 of the Complaint *only* to the extent the FCRA speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

241.    Defendant denies the allegations set forth in Paragraph 241 of Plaintiff's Complaint.

242.    Defendant denies the allegations set forth in Paragraph 242 of Plaintiff's Complaint.

243.    Defendant denies the allegations set forth in Paragraph 243 of Plaintiff's Complaint.

244.    Defendant denies the allegations set forth in Paragraph 244 of Plaintiff's Complaint.

245.    Defendant denies the allegations set forth in Paragraph 245 of Plaintiff's Complaint.

246.    Defendant denies the allegations set forth in Paragraph 246 of Plaintiff's Complaint.

247.    Defendant denies the allegations set forth in Paragraph 247 of Plaintiff's Complaint.

248.    Defendant denies the allegations set forth in Paragraph 248 of Plaintiff's Complaint.

249.    Defendant denies the allegations set forth in Paragraph 249 of Plaintiff's Complaint.

## <u>COUNT XII-§ 11A-26(1), Code of Miami-Dade County<br>Purported MDHRO Age Discrimination</u>

250.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

251.    Defendant admits the allegations set forth in Paragraph 251 of the Complaint *only* to the extent the MDHRO speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

252.    Defendant admits the allegations set forth in Paragraph 252 of the Complaint *only* to the extent Plaintiff alleges she is above the age of 40.  Defendant, however, denies it has

committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

253.    Paragraph 253 of the Complaint asserts a legal conclusion to which no response is required.

254.    Defendant denies the allegations set forth in Paragraph 254 of Plaintiff's Complaint.

255.    Defendant denies the allegations set forth in Paragraph 255 of Plaintiff's Complaint.

256.    Defendant denies the allegations set forth in Paragraph 256 of Plaintiff's Complaint.

257.    Defendant denies the allegations set forth in Paragraph 257 of Plaintiff's Complaint.

258.    Defendant denies the allegations set forth in Paragraph 258 of Plaintiff's Complaint.

259.    Defendant denies the allegations set forth in Paragraph 259 of Plaintiff's Complaint.

260.    Defendant denies the allegations set forth in Paragraph 260 of Plaintiff's Complaint.

### COUNT XIII-§ 11A-26(1), Code of Miami-Dade County
### Purported MDHRO Disability Discrimination

261.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

262.    Defendant admits the allegations set forth in Paragraph 262 of the Complaint *only* to the extent the MDHRO speaks for itself.  Defendant, however, denies it has committed any acts

or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

263.    Defendant admits the allegations set forth in Paragraph 263 of the Complaint *only* to the extent the MDHRO speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

264.    Defendant denies the allegations set forth in Paragraph 264 of Plaintiff's Complaint.

265.    Defendant denies the allegations set forth in Paragraph 265 of Plaintiff's Complaint.

266.    Defendant denies the allegations set forth in Paragraph 266 of Plaintiff's Complaint.

267.    Defendant denies the allegations set forth in Paragraph 267 of Plaintiff's Complaint.

268.    Defendant denies the allegations set forth in Paragraph 268 of Plaintiff's Complaint.

269.    Defendant denies the allegations set forth in Paragraph 269 of Plaintiff's Complaint.

270.    Defendant denies the allegations set forth in Paragraph 270 of Plaintiff's Complaint.

271.    Defendant denies the allegations set forth in Paragraph 271 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

272.     Defendant denies the allegations set forth in Paragraph 272 of Plaintiff's Complaint.

273.     Defendant denies the allegations set forth in Paragraph 273 of Plaintiff's Complaint.

## COUNT XIV-§ 11A-26(1), Code of Miami-Dade County
## Purported MDHRO Hostile Work Environment

274.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

275.     Defendant admits the allegations set forth in Paragraph 275 of the Complaint *only* to the extent the MDHRO speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

276.     Defendant denies the allegations set forth in Paragraph 276 of Plaintiff's Complaint.

277.     Defendant denies the allegations set forth in Paragraph 277 of Plaintiff's Complaint.

278.     Defendant denies the allegations set forth in Paragraph 278 of Plaintiff's Complaint.

279.     Defendant denies the allegations set forth in Paragraph 279 of Plaintiff's Complaint.

280.     Defendant denies the allegations set forth in Paragraph 280 of Plaintiff's Complaint.

281.     Defendant denies the allegations set forth in Paragraph 281 of Plaintiff's Complaint.

282.     Defendant denies the allegations set forth in Paragraph 282 of Plaintiff's Complaint.

283.     Defendant denies the allegations set forth in Paragraph 283 of Plaintiff's Complaint.

284.     Defendant denies the allegations set forth in Paragraph 284 of Plaintiff's Complaint.

## COUNT XV-§ 11A-43(1), Code of Miami-Dade County
## Purported MDHRO Retaliation

285.     Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

286.     Defendant admits the allegations set forth in Paragraph 286 of the Complaint *only* to the extent the MDHRO speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

287.     Defendant denies the allegations set forth in Paragraph 287 of Plaintiff's Complaint.

288.     Defendant denies the allegations set forth in Paragraph 288 of Plaintiff's Complaint.

289.     Defendant denies the allegations set forth in Paragraph 289 of Plaintiff's Complaint.

290.     Defendant denies the allegations set forth in Paragraph 290 of Plaintiff's Complaint.

291.     Defendant denies the allegations set forth in Paragraph 291 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

292.    Defendant denies the allegations set forth in Paragraph 292 of Plaintiff's Complaint.

293.    Defendant denies the allegations set forth in Paragraph 293 of Plaintiff's Complaint.

294.    Defendant denies the allegations set forth in Paragraph 294 of Plaintiff's Complaint.

295.    Defendant denies the allegations set forth in Paragraph 295 of Plaintiff's Complaint.

296.    Defendant denies the allegations set forth in Paragraph 296 of Plaintiff's Complaint.

297.    Defendant denies the allegations set forth in Paragraph 297 of Plaintiff's Complaint.

### COUNT XVI-§ 11A-43(1), Code of Miami-Dade County
### Purported MDHRO Retaliatory Hostile Work Environment

298.    Defendant re-adopts and re-alleges its responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

299.    Defendant admits the allegations set forth in Paragraph 299 of the Complaint *only* to the extent the MDHRO speaks for itself.  Defendant, however, denies it has committed any acts or omissions giving rise to the claims asserted by Plaintiff, that it violated any laws, and that Plaintiff is entitled to any relief in this matter whatsoever.

300.    Defendant denies the allegations set forth in Paragraph 300 of Plaintiff's Complaint.

301.    Defendant denies the allegations set forth in Paragraph 301 of Plaintiff's Complaint.

302. Defendant denies the allegations set forth in Paragraph 302 of Plaintiff's Complaint.

303. Defendant denies the allegations set forth in Paragraph 303 of Plaintiff's Complaint.

304. Defendant denies the allegations set forth in Paragraph 304 of Plaintiff's Complaint.

305. Defendant denies the allegations set forth in Paragraph 305 of Plaintiff's Complaint.

306. Defendant denies the allegations set forth in Paragraph 306 of Plaintiff's Complaint.

307. Defendant denies the allegations set forth in Paragraph 307 of Plaintiff's Complaint.

308. Defendant denies the allegations set forth in Paragraph 308 of Plaintiff's Complaint.

WHEREFORE, Defendant Doral Automotive Group LLC, respectfully requests this Honorable Court enter judgment against Plaintiff as to all issues and matters set forth in the Compliant, and requests all relief to which Defendant is entitled, including, but not limited to, attorneys' fees pursuant to section 760.11(5), Florida Statutes and 42 U.S.C.A. § 12205, costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and section 57.041, Florida Statutes, along with any and all other relief this Court deems just and proper.

## **GENERAL DENIAL**

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

## JURY DEMAND

Defendant hereby demands trial by jury on all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

For its additional defenses, and without admitting that Defendant bears the burden of proof as to any defenses in this action, Defendant asserts the following affirmative defenses:

1.      Plaintiff's claims for damages are barred (or limited) to the extent Defendant can show Plaintiff engaged in misconduct prior to, during, or concurrent with her employment, that otherwise would have resulted in an adverse employment action (i.e., discharge) if such conduct were then known to Defendant.  The economic damages and remedies sought by Plaintiff may be barred, in whole or in part, by the doctrine of after-acquired evidence, which may be discovered as this case proceeds.

2.      Plaintiff's damages are barred to the extent she has failed to take steps to mitigate her alleged damages or to the extent her efforts to mitigate her alleged damages were not reasonable.

3.      At all relevant times, Defendant acted in good faith, without malice or intent to harm, interfere, or discriminate/retaliate against Plaintiff, and Defendant had reasonable grounds to believe Defendant's actions were not unlawful.

4.      Although Plaintiff is not entitled to any damages or awards, Defendant is entitled to a set-off of any and all collateral sources or monies paid to or for the benefit of Plaintiff  or otherwise available or should have been awardable to Plaintiff.  Defendant also states that it is entitled to a set-off for any monies Plaintiff could have received through the exercise of due diligence, or any monies received, or benefits earned by virtue of any subsequent employment.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

5.      Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was based on legitimate, non-discriminatory, non-retaliatory business reasons, and was not based upon any reason in violation of public policy and/or other factors protected by the law.  Any adverse actions purportedly taken by Defendant with respect to Plaintiff were predicated on grounds other than Plaintiff's purported disability, age, or any alleged statutorily protected activity, and those adverse personnel actions would have been taken in the absence of Plaintiff's alleged claims of discrimination, retaliation, or failure to accommodate.

6.      Plaintiff's discrimination and retaliation claims fail and/or her recovery of alleged damages is limited because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory conduct, and/or Plaintiff failed to take advantage of Defendant's preventive or corrective opportunities or to otherwise avoid harm.

7.      The claims asserted in Plaintiff's Complaint are barred, in whole or in part, by Plaintiff's own conduct and/or unclean hands—i.e., Plaintiff's unsatisfactory work performance.

8.      Defendant asserts it is not liable for any alleged wrongful action taken by employees of Defendant which were taken outside the course and scope of their duties and which were not authorized, condoned, or ratified by Defendant.

9.      Plaintiff's purported medical condition(s), actual or perceived disability and/or any alleged protected activity in which she claims to have engaged in was/were not a motivating factor(s) in any employment action taken with respect to Plaintiff by Defendant.

10.     Plaintiff is not entitled to recover punitive and/or liquidated damages in this action against Defendant because Defendant did not intentionally engage in any discriminatory or retaliatory practices against Plaintiff with malice or with reckless indifference to Plaintiff's protected rights. Plaintiff's claim for punitive and/or liquidated damages is also barred because

Defendant acted in good faith and took affirmative measures to prevent discrimination in the workplace.

11.     Plaintiff's concurrent and/or interim earnings or amounts she could have earned with reasonable diligence should reduce or offset any alleged back pay otherwise recoverable by Plaintiff.  In addition, such sums may also set-off and reduce other claims for damages by Plaintiff.

12.     Plaintiff's alleged damages for purported lost earnings, if any, should be reduced for any period of time during which Plaintiff was unavailable for work for any reason to the extent Plaintiff's unavailability for work has or will be affected by other reasons unrelated to the purported acts or omissions of Defendant.

13.     Plaintiff's claims are barred because the employment decision about which she complains was made on the basis of reasonable factors other than Plaintiff's purported "qualified disability."

14.     Plaintiff's claims are barred to the extent she failed to submit any medical evaluation with respect to her purported "qualified disability" and to the extent Defendant did not perceive Plaintiff to have a "qualified disability," let alone a "qualified disability" which was a permanent or long-term impairment.

15.     Plaintiff's claims fail, as any impairment Plaintiff claims to have suffered from during her employment with Defendant did not substantially limit her ability to perform her work and the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

16.     Plaintiff's claims fail, as Plaintiff did not suffer from any substantial impairments, and any impairments she claims to have suffered from are not significantly limiting when compared to the average person.

17.     Defendant affirmatively states that it acted reasonably and in good faith at all times with respect to Plaintiff and her employment with Defendant, and did not commit, authorize, and/or ratify any purposeful, intentional, or reckless violation of any local, state, or federal law.

18.     Plaintiff's claims for any damages (including compensatory and punitive) are subject to all applicable statutory caps and limitations, and Plaintiff cannot recover such damages in excess of the applicable limitations provided for under the relevant statutes and codes.

19.     Defendant states that, even if Plaintiff were able to prove that a prohibited factor motivated Defendant's alleged employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

20.     Defendant states that to the extent Plaintiff has brought duplicative claims, she is not entitled to duplicative recovery.

21.     Defendant states that Plaintiff was employed by Defendant on an "at will" basis, and Defendant was free to terminate Plaintiff's employment with Defendant at any time, and for any reason, provided it did not violate state or federal law. Similarly, Plaintiff had the ability to terminate her employment with Defendant at any time, and for any reason.

22.     Defendant states that Plaintiff's claims and/or damages are barred based on the mixed motives defense and grounds that even if any decisions concerning Plaintiff were based, in part, on grounds of unlawful retaliation, and no alleged decision was, Defendant would have reached the same alleged decision based on other legitimate, non-discriminatory/retaliatory reasons

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER, SUITE 2700 - 110 SE 6TH STREET - FORT LAUDERDALE, FLORIDA 33301  -  (954) 703-3700 (954) 703-3701 FAX

23.     Plaintiff cannot establish a prima facie case under the ADA, ADEA, and/or FCRA because Plaintiff has not and cannot show any similarly situated employee who was treated more favorably by Defendant than Plaintiff.

24.     Defendant states that Plaintiff fails to state a claim for which relief can be granted under the ADEA because Plaintiff fails to establish that age was the "but for" cause of any alleged adverse employment action.

25.     Defendant affirmatively states that Plaintiff fails to state a claim for which relief can be granted under the ADEA because Plaintiff fails to establish that Defendant's articulated reason was a pretext to mask unlawful discrimination, in order to prevail in his discrimination claim.

26.     With respect to Plaintiff's FMLA claims, any actions taken regarding Plaintiff and her employment were done pursuant to legitimate business and employment reasons.  Plaintiff's alleged request for medical leave or the purported medical condition of Plaintiff was/were not a motivating factor(s) in any employment decisions regarding Plaintiff.  To the extent Plaintiff is able to demonstrate that any purported request for FMLA leave was a motivating factor in any employment action challenged by Plaintiff or Defendant had any improper motive towards Plaintiff, which Defendant denies, Defendant would have taken the same action absent consideration of any alleged FMLA request by Plaintiff.

27.     Even if Plaintiff was an eligible employee as defined by the FMLA, Plaintiff's claims are barred because Plaintiff did not comply with the requirements of the FMLA and Defendant regarding a leave of absence.

28.     Plaintiff has no standing to initiate this action and has no right to any relief under the FMLA to the extent she did not suffer from a serious medical health condition within the meaning of, inter alia, 29 U.S.C. § 2612 and 29 C.F.R. § 825.113.

29.     If Plaintiff proves that Defendant acted in violation of the FMLA, or that any FMLA request/leave was a motivating factor in any employment action challenged by her, either by action or omission, which is denied, such action or omission was not willful or reckless, and at all times relevant to this action, any act or omission by Defendant giving rise to Plaintiff's claim for relief was made in good faith, and Defendant had reasonable grounds for believing that any act or omission by it was not a violation of the FMLA; as such, Plaintiff is not entitled to liquidated damages under, inter alia, 29 U.S.C. § 2617(a)(1)(A)(iii).

30.     Plaintiff had no greater rights than she would have had if she had/had not sought FMLA, and Defendant would have terminated her even if she had/had not sought purported leave. As such, Plaintiff's employment would have been terminated regardless of her alleged FMLA status.  29 C.F.R. § 825.216(a)(1).

31.     Defendant affirmatively states that no violation of local, state, or federal law occurred with respect to Plaintiff, and Defendant is not (and cannot be held) liable to Plaintiff based, in part, and notwithstanding any other defenses or reasons, on the absence of "but for," direct or proximate causation.

32.     Plaintiff's retaliation claims fail as a matter of law, as Plaintiff did not engage in any purported statutorily protected expression for purposes of asserting claims for retaliation under any laws, as Plaintiff never made any complaint of purported discrimination during her employment with Defendant and Plaintiff did not suffer from any purported discrimination during her employment with Defendant.

33.     Plaintiff has no standing to initiate this action and has no right to any relief under the FMLA to the extent she was provided with adequate and lawful notice of any rights she may have had for leave under the FMLA, including intermittent leave.

34.     Plaintiff fails to state a cause of action for violation of any referenced statutes, as Plaintiff cannot establish that any decision by Defendant with respect to any alleged adverse employment action asserted in this case was pre-textual. Indeed, the decision to terminate Plaintiff's employment was devoid of any discriminatory or retaliatory motives and animus.

35.     Plaintiff's claims are barred to the extent she has failed to identify any recognizable disability under the applicable statutes.

Defendant reserves the right to amend its affirmative defenses as this litigation continues and discovery commences.

**[CERTIFICATE OF SERVICE PAGE TO FOLLOW]**

Case No.: 1:24-cv-24575-PCH

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 17th day of January 2024, a true and correct copy of the foregoing was filed through the CM/ECF System and all counsel of record was served with a copy of this document.

BY:   <u>/s/ Matthew A. Green, Esq.</u>
MATTHEW A. GREEN, ESQ.
Florida Bar No.: 1019717

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendant, Doral Automotive Group LLC*
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone: (954) 703-3700
Facsimile: (954) 703-3701
Email: Matthew.Green@CSKLegal.com