UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24575-PCH

**HELEN MARTEEN**,

    Plaintiff,

v.

**DORAL AUTOMOTIVE GROUP LLC**,

    Defendant.
_____/

**ORDER SETTING CIVIL JURY TRIAL DATE AND PRETRIAL
SCHEDULE, REQUIRING MEDIATION AND REFERRING
CERTAIN MOTIONS TO MAGISTRATE JUDGE**

Trial is scheduled to commence during the two-week period commencing **Monday, September 8, 2025,** before the Honorable Paul C. Huck, United States District Judge, 400 North Miami Ave, 13th Floor, Courtroom 13-2, Miami, Florida. A calendar call shall be held on **Wednesday, September 3, 2025, at 11:00 a.m.** at the same location.

    **IT IS ORDERED AND ADJUDGED** as follows:

    1.    No Pretrial Conference shall be held in this action, unless the parties so request or the Court determines *sua sponte* that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

    2.    Counsel must meet at least ONE (1) MONTH prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

    3.    The original and one (1) copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one (1) short paragraph per litigant claim</u>, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the

Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4. Proposed jury instructions and verdict form must be submitted at least ONE (1) WEEK prior to the trial date. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by Plaintiff to which Defendant objects shall be italicized. Instructions and questions proposed only by Defendant to which Plaintiff objects shall be bold-faced. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. The proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, either by hard copy or by electronic mail to huck@flsd.uscourts.gov (preferred). Electronic documents should be compatible with Corel WordPerfect or MS WORD.

5. All exhibits must be pre-marked. Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office, but shall modify the form to indicate any and all of opposing parties' objections to the exhibits.

6. Deposition designations shall be treated as follows: to designate from a deposition transcript, the proffering party should bracket the designated testimony using a highlighter and then tender the transcript to counsel for the opposing party. The opposing party shall write any objections to the designated testimony (using the abbreviations provided by Local Rule 16.1(e)(9) as appropriate) in the margin of the transcript and shall bracket its cross designations using a different color highlighter and return the transcript to the designating party. The proffering party shall write any objections to the opposing party's designated testimony as described above and shall use a third color highlighter for re-direct designations. The transcript shall be sent back to the opposing party, who shall then make any objections to the re-direct designations as described

above. The parties shall use mini-transcripts for these designations, if mini-transcripts are available. The parties shall submit the final transcript containing these designations and objections to the Court no later than **Friday, August 29, 2025.**

7. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances.

8. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9. The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

| Days prior to Trial Date | |
|---|---|
| 130 days | Motions to join additional parties, amend pleadings, and certify class must be filed. |
| 120 days | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial. Only those expert witnesses identified by name shall be permitted to testify. |
| 110 days | Plaintiff shall furnish opposing counsel with a written report from each expert intended to be called at trial. Within the fourteen (14) day period following service of each expert's written report, Plaintiff shall make their experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| 110 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial. Only those witnesses identified by |

3

| | |
|---|---|
| | specific name or title (not by category or adoption by reference) shall be permitted to testify. |
| 100 days | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those <u>expert</u> witnesses identified by name shall be permitted to testify. |
| 90 days | Defendant shall furnish opposing counsel with a written report from each expert intended to be called at trial. Within the fourteen (14) day period following service of each expert's written report, Defendant shall make its experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| 80 days | If Plaintiff did not initially disclose experts but Defendant elects to utilize experts and discloses them, then Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of <u>any</u> <u>rebuttal</u> <u>expert</u> witnesses intended to be called at trial. Only those <u>rebuttal</u> <u>expert</u> witnesses identified by name shall be permitted to testify. |
| 75 days | Plaintiff shall furnish opposing counsel with a written report from each rebuttal expert intended to be called at trial. Within the fourteen (14) day period following service of each expert's report, Plaintiff shall make the expert available for deposition by Defendant. The experts' depositions may be conducted without further order from the Court. |
| <u>Note</u>: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 55 days | All summary judgment and other dispositive motions must be filed. |
| 55 days | All discovery must be completed. |
| <u>Note</u>: | In the event that there are any unresolved discovery motions pending fifteen (15) days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 20 days | All motions *in limine* and other pretrial motions must be filed. |

4

   10 days        Joint Pretrial Stipulation must be filed.

    7 days         Proposed jury instructions and verdict form must be filed.

  10.  If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5520 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41 (a) (1).  Such stipulation and order must be filed within fifteen (15) days of notification of settlement to the Court.  To be excused from calendar call, the required stipulation and order must be filed at least forty-eight (48) hours before calendar call.

  11.  The parties may agree to extend any of the pretrial deadlines except for the deadlines to submit dispositive motions, the joint pretrial stipulation, and the proposed jury instructions.  If the parties agree on extending any deadlines, they shall file a stipulation with the Court setting forth the new deadlines.  However, deadline extensions that would interfere with the time set for completion of discovery, for hearing a motion, or for trial may only be made with the Court's approval.  *See* Fed. R. Civ. P. 29.  **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26.  The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

  12.  At least ninety (90) days prior to the calendar call the parties shall select a mediator, shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation.  There is a template for the proposed order scheduling mediation that can be found under the "Local Rules Forms" section of the Southern District of Florida's website.  If the parties cannot agree on a mediator, they shall notify the clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis.  Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.  The parties shall complete mediation at least forty-five (45) days prior to the calendar call.  The parties shall report to the Court the results of mediation within forty-eight (48) hours of completing mediation.

  13.  The parties shall each file a Certificate of Interested Persons and Corporate Disclosure Statement, which shall contain a complete list of **<u>any and all</u>** persons, associated persons, firms, partnerships, and/or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party.  **Note: This includes any party who receives a fee**

**for services rendered in relation to this litigation.** The parties shall take notice that this disclosure obligation exceeds the scope of that required by Rule 7.1 of the Federal Rules of Civil Procedure. However, if a party is a publicly-traded corporation, that party is directed to so state and need not provide more information than is required by Rule 7.1.

The parties shall have **fifteen (15) days from the date of this Order** to file the original Certificate. Throughout the pendency of this action, the parties shall remain under a continuing duty to amend, correct, and update the Certificate.

14. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Rules, all discovery motions filed in this case are referred to the Magistrate Judge. The parties shall follow Magistrate Judge Lauren F. Louis's discovery procedures.[1] **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (CASE NO. 1:24-cv-24575-PCH/LFL), and to deliver a courtesy copy of all necessary materials filed after this date directly to the Magistrate's chambers.**

**DONE AND ORDERED** in Miami, Florida, on January 21, 2025.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge Lauren F. Louis
All Counsel of Record

---

[1] Magistrate Judge Louis's discovery procedures may be accessed through the following link: https://flsd.uscourts.gov/content/judge-lauren-f-louis.