UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-24575-PCH

**HELEN MARTEEN**,

    Plaintiff,

v.

**DORAL AUTOMOTIVE GROUP LLC**,

    Defendant.

_____/

### ORDER REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES

**THIS MATTER** is before the Court upon a *sua sponte* review of the record. In its Answer and Affirmative Defenses **[ECF No. 7]**, Defendant includes three separate affirmative defenses arguing that Plaintiff has failed to state a claim upon which relief may be granted. *See* Def.'s Affirm. Defenses ¶¶ 23-25. These defenses may also be raised by motion. *See* Fed. R. Civ. P. 12(b)(6). It is in the interest of justice that the Court resolve these defenses at the earliest possible stage in the proceeding. Accordingly, if Defendant is going to continue to assert that the Complaint fails to state a claim upon which relief may be granted, Defendant shall file the appropriate motion and supporting memorandum of law within 10 days from the date of this Order. If Defendant chooses not to continue to assert these defenses, then Defendant shall notify the Court within 10 days.

Additionally, several other defenses listed in Defendant's Answer and Affirmative Defenses are not truly affirmative defenses. An affirmative defense is a defense that, "if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). However, many of Defendant's "affirmative defenses" appear to be mere denials of Plaintiff's claims, as opposed to true affirmative defenses. For example, Defendant's seventeenth affirmative defense states that "Defendant affirmatively states that it acted reasonably and in good faith at all times with respect to Plaintiff and her employment with Defendant, and did not commit, authorize, and/or ratify any purposeful, intentional, or reckless violation of any local, state, or federal law."

*See* Def.'s Affirm. Defenses ¶ 17. This is a challenge to Plaintiff's factual allegations, which is not a basis for an affirmative defense under Federal Rule of Civil Procedure 12(b)(6). As such, the Court encourages Defendant to review its affirmative defenses to determine which of its defenses should be withdrawn because they are not true affirmative defenses, which Defendant bears the burden of proving; but rather, are mere denials of Plaintiff's claims. Accordingly, it is hereby:

    **ORDERED AND ADJUDGED** that:

(1) Defendant shall either assert its affirmative defenses arguing that Plaintiff has failed to state a claim as a 12(b)(6) motion to dismiss for failure to state a claim and file the appropriate motion and supporting memorandum of law within 10 days from the date of this Order; or file a notice of withdrawal of these purported affirmative defenses on or before **Friday, January 31, 2024**.

(2) Defendant shall review its remaining affirmative defenses to affirm whether they are true affirmative defenses; and if they are not, to file a notice of withdrawal on or before **Friday, January 31, 2024**.

    **DONE AND ORDERED** in Miami, Florida on January 21, 2025.

                                                                                                          _____
                                                                                                          PAUL C. HUCK
                                                                                                          UNITED STATES DISTRICT JUDGE

CC: All Counsel of Record