UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HELEN MARTEEN,

    Plaintiff,                              CASE NO.: 1:24-cv-24575-PCH/LFL

v.                                      JURY TRIAL DEMANDED

DORAL AUTOMOTIVE GROUP LLC,

    Defendant.
_____/

**DEFENDANT'S *UNOPPOSED* MOTION TO EXTEND DEADLINE TO RAISE DISCOVERY ISSUES WITH THE COURT**

       Defendant, Doral Automotive Group LLC ("**Defendant**"), in accordance with Local Rule 26. 1 of the Southern District of Florida and the Honorable Lauren Louis' Discovery Practices and Procedures, respectfully moves to extend the deadline to raise discovery issues with Judge Louis, and states:

       1.     On January 21, 2025, this Court issued its Order Setting Jury Trial Date and Pretrial Schedule, et al., which referred all discovery motions filed in this case to Magistrate Judge Lauren Louis. [ECF No. 9].

       2.     To that end, Judge Louis' Discovery Practices and Procedures require that any discovery disputes are raised timely as required by Local Rule 26.1(g)(1), which provides that for any discovery dispute relating to a written response or objection to a discovery request, a party shall submit the dispute within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute.

       3.     On January 22, 2025, Defendant served its First Set of Interrogatories and First Request for Production to Plaintiff with responses and objections originally due on or before February 21, 2025.

       4.     Defendant agreed to an extension of time for Plaintiff to provide responses and objections to discovery and, on March 24, 2025, Plaintiff served her responses and objections to Defendant's discovery.

CASE NO.: 1:24-cv-24575-PCH/LFL

5. On April 8, 2025, Defendant timely served its Discovery Deficiency Letter outlining Defendant's pending issues as a good faith attempt to resolve, by agreement, the deficiencies within Plaintiff's discovery responses and objections.

6. On April 11, 2025, counsel for the Parties participated in a very lengthy telephone conference to discuss Plaintiff's discovery responses and objections and were able to resolve, in principle, certain discovery issues; however, certain issues remain outstanding but may be agreed upon through further conferral.

7. Based on this first telephonic conferral, and to Defendant's understanding, Plaintiff is in the process of amending certain discovery responses and gathering additional responsive documentation.

8. That said, Defendant does not wish to raise discovery issues with Judge Louis prematurely—*i.e.*, prior to receiving any amended discovery responses and supplemental document production, as well as prior to completing any further discovery conferral. Further, Defendant wishes to ensure that accommodating Plaintiff time to provide amended discovery responses and supplemental document production and for conferral beyond the seven-day extension permitted without leave of Court does not prejudice Defendant in its ability to later bring issues before Judge Louis on a possible motion to compel, if necessary.

9. Accordingly, Defendant respectfully requests until May 5, 2025 to, if necessary, file a motion regarding any outstanding discovery disputes (or to notice in a dispute in the alternative manner provided by Judge Louis' Discovery Practices and Procedures) regarding the issues raised in Defendant's April 8, 2025 correspondence to Plaintiff's counsel.

10. That said, Plaintiff does not oppose Defendant's requested extension.

11. The requested extension of time is not made for the purpose of delay, and no party will be prejudiced if the Court were to grant the requested extension. In fact, the purpose of this Motion is to allow additional time to further confer and avoid motion practice which may result in a waste of judicial resources, to the extent some or all issues may be resolved by agreement.

WHEREFORE, Defendant moves for entry of an Order extending the deadline to raise discovery issues with the Honorable Lauren Louis up to and including May 5, 2025.

CASE NO.: 1:24-cv-24575-PCH/LFL

## **CERTIFICATION OF CONFERRAL PURSUANT TO L.R. 7.1(a)(2)**

I certify that undersigned counsel conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in the motion and is authorized to represent that Plaintiff does not oppose the relief sought herein.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April 2025, a true and correct copy of the foregoing was filed through the CM/ECF system and all counsel of record was served with a copy of this document.

BY: /s/ Matthew A. Green, Esq.
MATTHEW A. GREEN, ESQ.
Florida Bar No.: 1019717

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendant, Doral Automotive Group LLC*
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone: (954) 703-3700
Facsimile: (954) 703-3701
Email: Matthew.Green@CSKLegal.com